**SAVANNAH COLLEGE OF ART
AND DESIGN and Diocese
Savannah, Appellants,**

v.

**FEDERAL COMMUNICATIONS
COMMISSION, Appellee.**

No. 04–1024.

United States Court of Appeals,
District of Columbia Circuit.

Dec. 22, 2004.

Robert Joseph Rini, Jonathan E. Allen, Rini Coran, PC, Washington, DC, for Appellants.

John A. Rogovin, Daniel McMullen Armstrong, Associate General Counsel, C. Grey Pash, Jr., Counsel, Austin C. Schlick, Washington, DC, for Appellee.

Before GINSBURG, Chief Judge, and GARLAND, Circuit Judge, and WILLIAMS, Senior Circuit Judge.

*JUDGMENT*

This case was heard on the record from the Federal Communications Commission and on briefs and arguments of counsel. It is hereby

ORDERED that the Commission's decision is affirmed. The Commission did not act arbitrarily or capriciously by rejecting the applications of the Savannah College of Art and Design and the Diocese of Savannah for instructional television fixed service stations. Their applications were defective because their proposed stations would have interfered with the transmissions of previously authorized stations. *See* 47 C.F.R. § 74.903(b), (d). It does not matter whether the permits for the conflicting stations had expired because the Commission had not declared those permits to be forfeited before the filing window closed. By the time of the denial of the application, it had long been "settled that a construction permit does not 'lapse,' notwithstanding a failure to abide by its terms, until the Commission declares it forfeited." *MG–TV Broad. Co. v. FCC*, 408 F.2d 1257, 1261 (1968).

The version of 47 C.F.R. § 73.3599 in effect in 1995 (now located at § 73.3534) does not require the Commission to give *nunc pro tunc* effect to a declaration of forfeiture. The Commission has long required an application to be valid as of the filing date, *see In re Morningstar Educational Network*, 18 F.C.C.R. 19249, 19251 ¶ 8 (2003), and its regulations clearly prohibit contingent applications. *See* 47 C.F.R. § 74.910; § 73.3517. Contrary to the assertion of appellants, agency practice is clear: later events that occur outside the filing window cannot cure a defective application. So even if the Commission did backdate the forfeiture of the competing permits to 1995, as appellants insist the agency was required to do, the Commission would still have been justified in rejecting the applications of the Savannah College of Art and Design and the Diocese of Savannah.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41(a)(1).